Lisle E. Southward v. Commissioner. Clarence N. Monroe v. Commissioner.
Southward v. Commissioner
Docket Nos. 9285, 9286.
United States Tax Court
1947 Tax Ct. Memo LEXIS 314; 6 T.C.M. (CCH) 93; T.C.M. (RIA) 47021; February 10, 1947
*314 John F. Langs, Esq., 2518 Buhl Bldg., Detroit 26, Mich., for the petitioners. F. M. Cavanaugh, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $5,073.59 against Lisle E. Southward and one of $4,718.54 against Clarence N. Monroe in income and victory tax for 1943. The only issue is whether the Commissioner erred in increasing the income of these two partners by reason of disallowing all but $5,000 of a total of $13,574.15 paid in 1943 by the partnership as a 5 per cent commission on sales pursuant to a contract with Edwards Industrial Engineering Company. Findings of Fact The petitioners were equal partners in a business carried on under the name of Monroe Tool and Machine Company. Their returns for 1943 were filed with the collector of internal revenue at Detroit, Michigan. Monroe Tool and Machine Company entered into a contract with Edwards Industrial Engineering Company on February 18, 1942, which was in effect all during the year 1943. It was in the form of a letter from Monroe and was in part as follows: We are employing you to perform the following work in connection with any contracts *315 or business we may accept, whether directly or indirectly secured, through contacts that were made by us through you. This letter to constitute the agreement between us. 1. Engineering: This will include your assistance in plant layout, selection of equipment required, design of all tools necessary, and all other engineering problems that may arise in connection with the contract; 2. Expediting: This is to include assistance in securing delivery of raw materials, machine tools required, as well as all tools, fixtures, gauges, drills, cutters, reamers, etc.; 3. Production Engineering: This will include aid in training our personnel, assistance in getting into production, time studies, rate making, and all matters in connection with continuing performance of above contract; 4. In connection with your performance of the above matters, you will at any and all times place at our disposal such of your engineering and other force as may be necessary in order to carry out the work that you are undertaking for us; 5. For all of the above services, we will pay you 5% of the contract price paid to us, to be paid monthly on the 10th day of each month following the receipt of payment *316 by us. You are to make no charge to us for expenses incurred by you in connection with the performance of your part of this agreement, but the above 5% shall be your sole and entire compensation in full for all of your services and expenses; 6. This agreement may be terminated by us or by you at any time by serving upon the other party sixty (60) days written notice of such termination but you shall continue to receive payment of all sums payable under this agreement. The partnership paid $13,574.15 to Edwards in 1943 pursuant to the contract. The Commisioner, in determining the deficies, increased the distributive shares of the two petitioner-partners by disallowing $8,574.15 of the $13,574.15 claimed on the partnership return as a deduction. The amounts paid to Edwards were paid pursuant to a contract entered into at arm's length at prevailing rates of compensation for the services actually rendered by Edwards. They were ordinary and necessary expenses paid or incurred during the taxable year in carrying on the business of the Monroe Tool and Machine Company, a partnership. They represented reasonable allowance for compensation for services actually rendered by Edwards Industrial *317 Engineering Company. Opinion MURDOCK, Judge: The partnership actually paid $13,574.15 to Edwards pursuant to the contract. If it does not get any deductions, the partners will be taxed upon amounts which the partnership could not distribute to them. There was here no collusion. The respondent, instead of filing a brief, conceded the issue in these two cases. Decisions will be entered under Rule 50.